IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MALRIK BOOSE,
          Plaintiff,

vs.                              3:07cv379/MCR/MD

JUDGE BARRON et al.
          Defendants.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Plaintiff initiated this cause through the filing of a civil complaint and motion for leave to proceed *in forma pauperis* on September 5, 2007.  His motion for leave to so proceed was deficient, and on September 11, 2007 the court entered an order directing the plaintiff to correct the deficiency in his *in forma pauperis* application by filing a prisoner consent form with supporting documentation or pay the $350.00 filing fee within thirty days. (Doc. 4).  Plaintiff was directed to file a copy of his inmate account statement from March 4, 2007 through September 4, 2007.  When he failed to comply, on October 24, 2007, the court entered an order to show cause why the case should not be dismissed.  (Doc. 7).  Another prisoner consent form was sent to the plaintiff on October 31, 2007 in response to a letter to the clerk. (Doc. 8 & 9).  When nothing was filed, another order to show cause was entered on December 17, 2007.  (Doc. 10).  Plaintiff filed an "order showing cause" on January 17, 2008.  The deficient pleading was again docketed, and he was directed to file a fully completed prisoner consent form along with a copy of his trust account statement from March 4 through September 4, 2007.  (Doc. 11).  Five months after the entry of the court's initial order, he has now filed a prisoner consent form with account information from the month of January, 2008.  This is clearly not in compliance with the court's repeated

*Page 2 of  2*

directives.  Dismissal without prejudice is therefore warranted.   Plaintiff is advised that in some other jurisdictions, such as the Middle District of Florida, inmates are not afforded repeated attempts to file proper paperwork; cases filed without the proper filing fee or a complete *in forma pauperis* application are routinely dismissed without prejudice.  In this case, plaintiff has had five months to correct the deficiencies in his *in forma pauperis* application but has failed to do so.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's repeated failure to comply with an order of the court.

At Pensacola, Florida, this 8th day of February, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).